J-S42037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SANDRA DAVIS | : | |
| | : | |
| Appellant | : | No. 564 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 22, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001737-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SANDRA LEE DAVIS | : | |
| | : | |
| Appellant | : | No. 565 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 22, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001753-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SANDRA LEE DAVIS | : | |
| | : | |
| Appellant | : | No. 566 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 22, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000177-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |  |
|---|---|---|---|
|  | : |  |  |
| v. | : |  |  |
|  | : |  |  |
|  | : |  |  |
| SANDRA LEE DAVIS | : |  |  |
|  | : |  |  |
| Appellant | : | No. 567 MDA 2025 |  |

Appeal from the Judgment of Sentence Entered December 22, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001211-2021

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| SANDRA LEE DAVIS | : |  |
|  | : |  |
| Appellant | : | No. 568 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 22, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000716-2022

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| SANDRA L. DAVIS | : |  |
|  | : |  |
| Appellant | : | No. 569 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 22, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001749-2022

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED DECEMBER 16, 2025**

Sandra Lee Davis ("Davis") appeals from the judgments of sentence imposed following the entry of her guilty pleas to numerous offenses at six dockets, including six counts of theft by unlawful taking or disposition, three counts of receiving stolen property, and one count each of criminal trespass, fleeing or attempting to elude police officer, and possession with intent to use drug paraphernalia.[1]  We affirm.

The trial court summarized the relevant factual and procedural history as follows:

> This matter arises from six informations filed by the Luzerne County district attorney against . . . Davis.  On November 14, 2022, [Davis appeared before the trial court for a plea hearing. Davis had executed a written guilty plea colloquy with her counsel, and the trial court conducted an oral guilty plea colloquy on the record.  The trial court then accepted her] guilty pleas on all six informations as follows: 1737 of 2020 - three counts of receiving stolen property and three counts of theft by unlawful taking or disposition; 1753 of 2020 - criminal trespass and theft by unlawful taking or disposition; 177 of 2021 - fleeing or attempting to elude police officer; 1211 of 2021 - theft by unlawful taking or disposition[;] 716 of 2022 - theft by unlawful taking or disposition; and 1749 of 2022 - the use of, or possession with intent to use drug paraphernalia.  [Davis did not raise any objection at the plea hearing, nor did she file a motion to withdraw her guilty pleas.]
>
> Sentencing took place on December 22, 2022.  On information number 1737, [Davis] received a sentence of 27 to 54 months on one count of receiving stolen property and one count of theft by unlawful taking.  [Davis] also received 24 to 48 months on two additional counts of receiving and one additional count of theft.  A sentence of 12 to 24 months was imposed on the final count of theft.  All sentences were imposed to run concurrently.  A consecutive sentence of 27 to 54 months was imposed on

---

[1] **See** 18 Pa.C.S.A. 3921, 3925, 3503; 75 Pa.C.S.A. § 3733; 35 P.S. § 780-113(a)(32).

information number 1211, theft by unlawful taking. A concurrent sentence of 1 to 2 months was imposed on information number 177, fleeing or attempting to elude police officer. A consecutive sentence of 21 to 42 months was imposed on information number 716, theft by unlawful taking. Concurrent sentences of 6 to 12 months were imposed on both counts on information number 1753, criminal trespass and theft by unlawful taking. Finally, a concurrent sentence of 6 to 12 months was imposed on information number 1749; the use of, or possession with intent to use, drug paraphernalia. The total aggregate sentence was 78 to 156 months. [Davis] was given credit for serving 172 days of incarceration prior to sentencing on information number 1737 of 2020 and 13 days on information number 716 of 2022. All sentences were within the standard range of the guidelines.

On January 3, 2023, a motion for reconsideration of sentence was filed on behalf of [Davis]. The motion essentially alleged that although [Davis] was made eligible for the state drug treatment program, she is not eligible for the program due to the length of her sentence. No actual relief [was] requested. Presumably, [Davis] was requesting that her sentence be modified so that she would be eligible for the state drug treatment program. On April 26, 2023, the motion for reconsideration of sentence was denied. A notice of appeal was not filed.

A [*pro se* petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546,] was filed by [Davis] on November 28, 2023[, asserting, *inter alia*, a conflict of interest based on the fact that the trial court judge had previously represented one of Davis' victims]. [The PCRA court appointed counsel, who filed an amended petition asserting: (1) a request for reinstatement of Davis' direct appeal rights because of plea counsel ineffectiveness in failing to file a direct appeal; (2) ineffectiveness of plea counsel because she initially told Davis that she would receive a one to two year sentence if she pleaded guilty, but then told her the day before sentencing that she would receive two to four years in prison.] As a result of the [peti]tion, [Davis'] direct appeal rights were reinstated on April 1, 2025. Six notices of appeal were filed on April 30, 2025.

An order was then issued on May 2, 2025, which required that a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. [1925(b)] be filed by [Davis] within twenty-

one days. Appellate counsel complied with the order by filing a concise statement on May 22, 2025.

Trial Court Opinion, 6/26/25, at 1-3 (footnotes and unnecessary capitalization omitted).

Davis raises the following issues for our review:

1. Whether the lower court erred in accepting the guilty pleas of and proceeding to impose sentences on . . . Davis where the pleas were not knowingly, voluntarily, and intelligently entered due to . . . Davis suffering from clear, apparent, and severe physical and mental health issues which prevented her from fully understanding to what she was pleading guilty or the impact of such guilty pleas as related to sentencing?

2. Whether the lower court erred in accepting the guilty pleas of and proceeding to impose sentences on . . . Davis where there existed a conflict of interest between the trial court and an interested party to the matter?

3. Whether the lower court erred in imposing excessive and overly harsh sentences given the circumstances?

Davis' Brief at 3 (unnecessary capitalization omitted, issues reordered).

In her first issue, Davis purports to challenge the validity of her guilty pleas. Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his or her right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea. *See Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). To be valid, a plea must be voluntary, knowing, and intelligent. *See Commonwealth v. Persinger*, 615 A.2d 1305, 1307 (Pa. 1992). A defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is

justified. *See Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002).

Importantly, a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either of these measures results in waiver. *See Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Roberts*, 352 A.2d 140, 141 (Pa. Super. 1975) (holding that mistake of attacking a guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver, and noting that the swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal); Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

Here, the record reflects that Davis did not object during the guilty plea colloquy or file a motion to withdraw her guilty pleas within ten days of sentencing. *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Although Davis filed a post-sentence motion, she did not assert any claim therein that her guilty pleas were not knowingly, voluntarily, or intelligently entered, nor did she ask

to withdraw her guilty pleas. *See* Post-Sentence Motion, 1/3/23, at unnumbered 1-2. Instead, she raised this issue for the first time in her Rule 1925(b) concise statement. *See Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) (holding that an issues raised for the first time in a concise statement are waived). Thus, she deprived the trial court of any opportunity to consider this issue or to act upon it while the trial court had jurisdiction over the matter. *See Roberts*, 352 A.2d at 141. Accordingly, Davis' first issue is waived. *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); *see also Tareila*, 895 A.2d at 1270 n.3; Pa.R.A.P. 302(a).

In her second issue, Davis purports to challenge the validity of her guilty pleas, albeit on a different basis. Davis contends that the trial court should not have accepted her guilty pleas due to a conflict of interest, as the trial court judge previously represented one of Davis' victims.

An appellate court presumes judges are fair and competent. *See In re Lokuta*, 11 A.3d 427, 435 (Pa. 2011). A party seeking recusal or disqualification on the basis of judicial bias or impartiality "must raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." *Commonwealth v. Stafford*, 749 A.2d 489, 501 (Pa. Super. 2000) (citation and internal quotation marks omitted). The failure to timely move for a judge's recusal after the facts allegedly establishing bias come to a defendant's attention renders the judicial bias

claim waived. **See Commonwealth v. Johnson**, 719 A.2d 778, 790 (Pa. Super. 1998).

Here, the trial court judge, Honorable Michael T. Vough, explained that "[he] was not aware of any conflict of interest that may have existed with any individual involved in these cases at the time [Davis] pled guilty and was sentenced." Trial Court Opinion, 6/26/25, at 3 (unnecessary capitalization omitted). Judge Vough further explained that Davis did not raise the alleged conflict of interest at any time during the instant trial court proceedings, and instead raised it for the first time in her *pro se* PCRA petition — filed almost one year after she was sentenced. **See id**. at 4.

As explained above, the failure to timely move for a judge's recusal after the facts allegedly establishing bias come to a defendant's attention renders the judicial bias claim waived. **See Johnson**, 719 A.2d at 790. Here, it is unclear when Davis first became aware of a potential conflict of interest in the matter, and it is equally unclear as to whether she raised an objection at the earliest possible moment. **See Stafford**, 749 A.2d at 501.

Nonetheless, she was aware of the alleged conflict of interest no later than November 28, 2023, when she filed her *pro se* PCRA petition. However, after the PCRA court appointed counsel, and upon reviewing Davis' *pro se* petition, counsel did not file a motion for recusal. Instead, he filed an amended petition which omitted any reference to the purported conflict of interest, and which did not seek any form of relief related thereto. **See**

Amended PCRA Petition, 5/30/24, at 1-2; *see also Commonwealth v. Hampton*, 718 A.2d 1250 (Pa. Super. 1998) (holding that counsel is to be appointed in a PCRA case to adequately and fully develop legal issues by filing an amended petition precisely because a *pro se* petitioner is not learned in the law).[2] Thus, as the amended petition omitted any reference to a potential conflict of interest, and counsel did not file a motion for recusal, the PCRA court was not properly presented with the issue and did not consider it when it ruled on the counseled amended PCRA petition.

Moreover, after Davis' direct appeal rights were reinstated, the trial court provided her with thirty days in which to file her notices of appeal. *See* Order, 4/1/25, at 1. Davis waited the entire thirty-day period before filing her notices of appeal on April 30, 2025. Although Davis could have filed a motion for recusal within this thirty-day period, she did not do so. Thus, we conclude that Davis' failure to timely move for recusal after the facts allegedly

_____

[2] We note that the record reflects that PCRA counsel attempted to file a second amended PCRA petition; however, he did not seek leave of court to do so, and the PCRA court did not grant leave for any further petition to be filed in the matter. It is long-settled that a PCRA petitioner must seek leave of court to amend a PCRA petition, and claims raised in an unauthorized amended petition are waived. *See Commonwealth v. Mason*, 130 A.3d 601, 627 (Pa. 2015); *see also* Pa.R.Crim.P. 905(A).

establishing bias had come to her attention renders the instant conflict of interest claim waived. *See Johnson*, 719 A.2d at 790.[3]

Davis' third issue presents a challenge to the discretionary aspects of her sentence. An appellant may not challenge discretionary aspects of a sentence as of right. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). Rather, this Court treats an appellant's challenge to the discretionary aspects of a sentence as a petition seeking permission to appeal. *See Commonwealth v. Heaster*, 171 A.3d 268, 271

_____

[3] In its Rule 1925(a) opinion, the trial court explained that its independent "review of the Luzerne County civil dockets did reveal that this judge did represent David Weaver, the victim of the criminal trespass charged on case number 1753 of 2020[,] before being elected to the bench." Trial Court Opinion, 6/26/25, at 3 (unnecessary capitalization omitted). The trial court further explained:

> On April 9, 2008, this judge filed a divorce complaint on behalf of David Weaver while engaged in the private practice of law. The case was resolved pursuant to an agreement entered into by the parties and a divorce decree was filed on July 8, 2009. The last contact this judge had with Mr. Weaver was more than thirteen years ago. Mr. Weaver was not present for [Davis'] guilty plea or her sentencing. His credibility was never an issue in [Davis'] case. [Davis] agreed to make restitution to Mr. Weaver in the amount of $200.00 as part of the guilty plea she entered into on November 14, 2022. The restitution was made part of the sentencing order on December 22,2022.

*Id*. However, we emphasize that this information is not included in the certified record, nor was it presented to the trial court in a motion for recusal. Thus, we may not consider it in our deliberations. *See Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (explaining that "an appellate court is limited to considering only the materials in the certified record when resolving an issue").

(Pa. Super. 2017). To invoke this Court's jurisdiction to review a challenge to the discretionary aspects of a sentence, the appellant must satisfy the following four-part test: (1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **See Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa. Super. 2010).

Here, Davis filed a timely notice of appeal after the PCRA court reinstated her direct appeal rights. However, the record reflects that she did not preserve her discretionary sentencing claim by raising it at her sentencing hearing or in a timely post-sentence motion. Davis raised no objection to her sentence at her sentencing hearing. **See** N.T., 12/22/22, at 1-7. Although Davis filed a post-sentence motion, she did not raise any claim therein that her sentences are "excessive and overly harsh," as she now attempts to claim for the first time on appeal. **See** Post-Sentence Motion, 1/3/23, at unnumbered 1-2; **see also** Davis' Brief at 3. Accordingly, we are constrained to deem her discretionary sentencing issue waived for purposes of appellate review. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (holding that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such

- 11 -

efforts, an objection to a discretionary aspect of a sentence is waived"); ***see also Dempster***, 187 A.3d at 272 (holding that objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed).

Here, as Davis failed to preserve her discretionary sentencing issue by raising it at her sentencing hearing or in a timely post-sentence motion, she has failed to invoke this Court's jurisdiction to review it. Thus, we affirm the judgments of sentence.

Judgment of sentence affirmed.

Judge King joins the memorandum.

Judge Olson concurs in result.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/16/2025